OPINION
Appellant Stephen Hoelker appeals his conviction for speeding in the Licking County Municipal Court. The relevant facts leading to this appeal are as follows. On December 9, 1999, appellant operated his employer's Freightliner tractor-trailer rig eastbound on Interstate 70 in Licking County. Ohio State Trooper Carol Sanchez clocked appellant traveling at seventy-three mph near mile marker 140. The trooper effectuated a traffic stop, during which time appellant contested to her his position that the maximum speed of the truck was sixty-three mph. Sanchez nonetheless issued appellant a traffic citation for speeding (R.C. 4511.21) and failure to wear a seat belt (R.C. 4513.263). The matter proceeded to a bench trial on May 5, 2000, after which the court found appellant guilty on both charges. Appellant timely filed his notice of appeal and herein raises the following sole Assignment of Error:
 I. THE TRIAL COURT'S DECISION IS NOT SUSTAINED BY THE EVIDENCE AND IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE AND IS CONTRARY TO LAW.
 I.
In his sole Assignment of Error, appellant argues that his speeding conviction is against the manifest weight of the evidence. We disagree. On review for manifest weight, a reviewing court is to examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses and determine, "whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." State v. Martin (1983), 20 Ohio App.3d 172,175. See also, State v. Thompkins (1997), 78 Ohio St.3d 380. The granting of a new trial "should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction." Martin at 175. The transcript herein reveals the testimony of just two witnesses, the trooper and appellant. Appellant also introduced, over objection, an uncertified "spec" sheet listing various characteristics of his Freightliner model, including purported top speed while in cruise control mode. We also note that appellant did not seek to challenge at trial the foundational evidence regarding the use of K-55 radar. Thus, as frequently occurs in speeding cases, the trial court was faced with diametrically opposed, albeit earnestly maintained, versions of whether a R.C. 4511.21 violation had indeed occurred. However, as we have often reiterated, the trier of fact, as opposed to this Court, is in a far better position to weigh the credibility of witnesses. State v. DeHass (1967), 10 Ohio St.2d 230. Likewise, even had there been greater authentication of the rig's "spec" sheet, its evidentiary impact would be minimal given the dearth of testimony as to whether said specifications are subject to mechanical modification after the vehicle leaves the factory. Further conjecture either way by this Court on the latter issue is improper, as our review on appeal is limited to those materials in the record which were before the trial court. See State v. Ishmail (1978),54 Ohio St.2d 402. Based on the foregoing, we are unpersuaded that the finder of fact lost his way in assessing the evidence presented. The trial court's decision was not against the manifest weight of the evidence, as urged by appellant. Appellant's sole Assignment of Error is overruled.
For the reasons stated in the foregoing opinion, the judgment of the Municipal Court, Licking County, Ohio, is hereby affirmed.
Wise, J. Gwin, P.J., and Farmer, J., concur.